# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VICTOR R. ZIEGLER, SR,

      Appellant,

      v.

DEPARTMENT OF THE INTERIOR,

      Agency.

DOCKET NUMBERS
DE-3443-06-0454-M-2
DE-3443-06-0455-M-2

DATE: December 27, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Victor R. Ziegler, Sr.</u>, Fort Thompson, South Dakota, pro se.

<u>Teresa M. Garrity</u>, Esquire, Bloomington, Minnesota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed petitions for review of the initial decisions in *Ziegler v. Department of the Interior*, MSPB Docket Nos. DE-3443-06-0454-M-2 (*Ziegler* 0454), and DE-3443-06-0455-M-2 (*Ziegler* 0455), which dismissed the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

previously joined appeals as settled.[2]  For the reasons set forth below, we REJOIN the appeals under 5 C.F.R. § 1201.36(a)(2) and DISMISS both petitions for review as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        On October 15, 2008, the parties entered into a global settlement agreement, in which the appellant agreed to withdraw and release all claims against the agency.  *Ziegler* 0454, Remand File (0454 RF), Tab 31 at 4-9; *Ziegler* 0455, Remand File (0455), Tab 27 at 4-9; *see Ziegler v. Department of the Interior*, 116 M.S.P.R. 514, ¶ 2 (2011).  Among other provisions, the agreement included a waiver of any claims under the Age Discrimination in Employment Act (ADEA) that arose or could have arisen prior to the effective date of the agreement.  0454 RF, Tab 31 at 7; 0455 RF, Tab 27 at 7.  The agreement also included an explicit statement that, under the Older Workers Benefits Protection Act (OWBPA), 29 U.S.C. § 626(f), the appellant was entitled to at least 21 calendar days from his receipt of a draft to consider the terms of the agreement, and 7 calendar days from the date of signing to revoke his decision to enter into the agreement.  0454 RF, Tab 31 at 7; 0455 RF, Tab 27 at 7.  The appellant acknowledged that the 21-day period already had expired.  0454 RF, Tab 31 at 7; 0455 RF, Tab 27 at 7.  On the advice of the Board's Office of General Counsel, the parties modified the agreement on October 30, 2008, to strike a provision that would have stipulated to dismissing a proceeding in the U.S. Court of Appeals for the Federal Circuit, docketed as Fed. Cir. No. 008-3161.  0454 RF, Tab 31 at 15−16; 0455 RF, Tab 27 at 15-16.

---

[2] We issue a separate final order concerning the appellant's petition for review of the initial decision in *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-02-0301-I-1.

¶3      The appellant did not elect to revoke the agreement within 7 days after signing it or the modification thereto. Accordingly, the administrative judge dismissed the appeals as settled and entered the modified agreement into the record for enforcement purposes. 0454 RF, Tab 32, Remand Initial Decision (0454 RID) (Nov. 7, 2008); 0455 RF, Tab 28, Remand Initial Decision (0455 RID) (Nov. 7, 2008). The administrative judge notified the parties that the initial decisions would become final on December 12, 2008, unless a petition for review was filed by that date. 0454 RID at 2; 0455 RID at 2. Neither party filed a petition for review before the finality date.[3]

¶4      In a subsequent court proceeding, the appellant contended that the agency had violated the OWBPA when it bargained for and obtained the ADEA waiver. *See Ziegler v. Jewell*, No. CIV. 12-4042, 2015 WL 1822874 (D.S.D. Apr. 21, 2015), *aff'd*, 637 F. App'x 246 (8th Cir. 2016), *cert. denied*, 2016 WL 4944632 (Oct. 31, 2016). The U.S. District Court for the District of South Dakota ruled against the appellant, finding that the ADEA waiver provision was compliant with the OWBPA. *Id*., *5.

¶5      The appellant filed the instant petitions for review on March 22, 2016. *Ziegler* 0454, Petition for Review File (0454 PFR File), Tab 1; *Ziegler* 0455, Petition for Review File (0455 PFR File), Tab 1. In accordance with the Clerk of the Board's instructions, he has since filed a motion to accept the filings as timely and/or waive the time limit for good cause. 0454 PFR File, Tabs 2, 5; 0455 PFR

---

[3] The appellant subsequently filed a petition for enforcement, in which he alleged that the agency incorrectly calculated his "high three" rates of annual earnings and failed to pay interest on the entire back pay period. The administrative judge denied the petition for enforcement, and the full Board denied the appellant's petition for review of that decision. *Ziegler v. Department of the Interior*, MSPB Docket Nos. DE-3443-06-0454-C-1 and DE-3443-06-0455-C-1, Initial Decision (Apr. 6, 2010), Final Order (Dec. 8, 2010). The Board also denied the agency's petition for enforcement, in which it alleged that the appellant had breached the agreement by seeking to challenge the validity of the ADEA waiver before the Equal Employment Opportunity Commission. *Ziegler v. Department of the Interior*, 116 M.S.P.R. 514 (2011).

File, Tabs 2, 5. The agency has responded to the petitions for review, and the appellant has replied to the agency's responses. 0454 PFR File, Tabs 9-10; 0455 PFR File, Tabs 9-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(d). Here, the appellant has not alleged or established that he received the initial decisions in *Ziegler* 0454 and *Ziegler* 0455 more than 5 days after their issuance on November 7, 2008. 0454 PFR File, Tab 5; 0455 PFR File, Tab 5. Thus, his petitions for review were untimely filed by more than 7 years.

¶7 The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8 In his motion to waive the filing deadline, the appellant asserts that the administrative judge did not conduct an OWBPA analysis before accepting the settlement agreement into the record. PFR File, Tab 5. However, he has not

explained why he could not have filed timely petitions for review challenging the initial decisions on that basis. He further contends that the agency did not comply with the OWBPA or the modification concerning Fed Cir. No. 2008-3161, and that he did not file sooner or request an extension because he thought the agency would comply with these terms. *Id.* Again, however, the appellant's allegations do not explain his failure to file a timely petition for review challenging the validity of the agreement itself. The appellant also appears to argue that he is entitled to equitable tolling consistent with *Kirkendall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007), but the holding of that case is inapplicable here, as it concerns filing deadlines for Veterans Employment Opportunities Act complaints under 5 U.S.C. § 3330a, and does not relate to the timeliness of petitions for review of initial decisions by the Board. *See Kirkendall*, 479 F.3d at 843-44. Furthermore, the delay in this case is significant, and, while the appellant does not have representation in these proceedings, we take notice that he graduated from law school in 2004 and is a member of the District of Columbia Bar. *See Ziegler v. Jewell*, 2015 WL 1822874, at *2. Under these circumstances, we find the appellant has not shown good cause for the delay in filing his petition.

¶9     Accordingly, we dismiss the petitions for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petitions for review. The initial decisions in both cases remain the final decisions of the Board concerning the settlement and dismissal of the underlying appeals.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See*5 U.S.C. § 7703(b)(1)(A)) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991)).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 77033 5 U.S.C. § 77033) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.